Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7983 | **DATE** | 7/14/2003 |
| **CASE TITLE** | Jose Suarez Rodriguez vs. John Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Respondents' motion for summary judgment (Doc. 10-1) is granted, and Rodriguez's petition for a writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | JUL 16 2003 | |
| | Notified counsel by telephone. | date docketed | 13 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/14/2003 | |
| | courtroom ETV deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE SUAREZ RODRIGUEZ, )
)
Plaintiff, )
)
v. ) No. 02 C 7983
)
JOHN ASHCROFT, United States ) Judge Rebecca R. Pallmeyer
Attorney General, et al., )
)
Defendants. )

DOCKETED
JUL 1 6 2003

## MEMORANDUM OPINION AND ORDER

Jose Suarez Rodriguez ("Petitioner" or "Rodriguez"), an excludable alien and citizen of Cuba, has been detained by the Immigration and Naturalization Service (INS) since June 21, 2002 pending deportation. Rodriguez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention on the grounds that it violates his due process rights and is not authorized pursuant to the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). The government (or "Respondents") filed a motion for summary judgment on February 18, 2003. Although advised of the motion and of his obligation to respond, Rodriguez has not responded to the government's motion. For the following reasons, Respondents' motion for summary judgment is granted and Rodriguez's petition for writ of habeas corpus is denied.

In June 1980, Petitioner entered the United States at Key West, Florida on the Mariel boat lift and was paroled into the United States. (Defendants'[1] Local Rule 56.1 Statement of Material Facts as to Which There is No Genuine Issue, hereinafter "56.1" ¶ 6.) The Attorney General has the discretion to "parole" aliens into the United States. 8 U.S.C. § 1182(d)(5)(A); Samirah v. O'Connell, No. 03-1786, 2003 WL 21507968, ___ F.3d ___, (7th Cir. July 2, 2003). Parole allows

---

[1] Although the government refers to itself as "Defendant" and to Rodriguez as "Plaintiff," the parties to a petition for a writ of habeas corpus are generally referred to as "Respondent" and "Petitioner."



an alien temporarily to remain in the this country pending a decision on his application for admission. *Id.* Soon after being paroled, Petitioner was convicted of a crime of moral turpitude.[2] Because of that conviction, an immigration judge ordered Rodriguez deported and revoked his parole effective May 27, 1986.[3] (*Id.*; Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, at 1.) The INS was unable to repatriate Rodriguez to Cuba in 1986, however, and Petitioner remained in INS custody pursuant to 8 C.F.R. § 212.12 until he was paroled on February 6, 1991, pursuant to a decision of the Department of Justice Cuban Review Panel. (56.1 ¶ 8.)

In 1997, Rodriguez was convicted of aggravated battery and sentenced to two years in the Illinois Department of Corrections. (*Id.* ¶ 9.) He was convicted in 2000 of felony use or possession of a firearm, as well as possession of a controlled substances, crimes for which he was sentenced to seven and five years, respectively, also in Illinois. (*Id.*)

After Petitioner completed serving his sentences for these convictions, he was returned to INS custody on June 21, 2002. (*Id.*) In December 2002, INS officials reviewed Petitioner's case and revoked the parole that had been issued to him in 1991, pursuant to 8 C.F.R. § 212.12(h)(2) and (4). (*Id.* ¶ 10.) On December 20, 2002, the INS District Director for Chicago, Brian Perryman, informed Rodriguez by letter that his parole had been revoked due to his state court convictions, and that Rodriguez would be detained in custody of the INS, where he would subsequently be interviewed by the Cuban Review Plan Panel. (*Id.*) There is no dispute that Rodriguez has been

---

[2] Rodriguez pleaded guilty in California 1982 to shooting a rifle into an inhabited building, for which he was placed on three years probation. His probation was revoked in 1984 and he was sentenced to three years in prison when he was convicted of auto theft, for which he received a concurrent two year term. Petitioner was incarcerated for 26 months, and was paroled by California but held on detainer by the INS. (Department of Justice Review Panel's Final Decision - Parole, dated Nov. 9, 1990, Ex. 4 to 56.1.)

[3] The record does not indicate whether Petitioner sought further review, or whether the Board of Immigration Appeals reviewed the immigration judge's decision.

considered annually for immigration parole in accordance with the Cuban Review Plan, 8 C.F.R. § 212.12. Upon reviewing a detainee's case, the Cuban Review Panel makes a recommendation to the Associate Commissioner for Enforcement of the INS, who has the discretion to approve parole. *Id.* In November 2002, Rodriguez filed a this petition for a writ of habeas corpus. Invoking *Zadvydas v. Davis*, 533 U.S. 678 (2001), he argues that his indefinite detention pending deportation, caused by Cuba's refusal to repatriate him and INS's refusal to release him on parole, violates due process.

Fifty years ago, the Supreme Court ruled in *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), that the United States may, without violating the Constitution, indefinitely detain an excludable alien (that is, an alien deemed ineligible to be admitted to the United States) if his country of origin refuses to accept his return. In *Zadvydas*, 533 U.S. 678, the case principally relied on by Petitioner, the Court considered the constitutionality of the indefinite detention of resident aliens awaiting deportation. In doing so, the Court reaffirmed its decision in *Shaughnessy* by distinguishing between excludable aliens (i.e. aliens paroled into the United States pending admissibility) and aliens (i.e. resident aliens) who were admitted to the United States but subsequently ordered removed. *Zadvydas*, 533 U.S. at 682 (noting that "[a]liens who have not yet gained initial admission to this country would present a very different question"). As our Court of Appeals has stated, the Supreme Court's holding in *Shaughnessy* remains unaffected by the *Zadvydas* decision. *Hoyte-Mesa v. Ashcroft*, 272 F.3d 989, 991 (7th Cir. 2001).

In *Hoyte-Mesa*, the Seventh Circuit affirmed the denial of habeas relief to a petitioner who, like Petitioner Rodriguez, had arrived in the United States from Cuba on the Mariel boat lift. He was released into this country on parole, but was later convicted of endangering safety by conduct regardless of life, battery, and carrying a concealed weapon. *Id.* at 990. Upon release from prison, he was taken into INS custody until a decision of the Board of Immigration Appeals made final an order of deportation. *Id.* He was detained pending deportation and paroled under the Cuban

3

Review Plan in 1989. *Id.* In 1994, he was convicted in an Illinois court of a drug offense, and later he was convicted of a weapons violation. *Id.* at 990-91. After serving those sentences he was returned to federal custody. *Id.* at 991. The Seventh Circuit held that it was not a violation of the petitioner's due process rights to keep him in federal custody since Cuba would not accept his repatriation. *Id.* at 991-92.

Since Rodriguez, like the aliens in *Shaughnessy* and *Hoyte-Mesa*, was never granted admission to the United States prior to his exclusion, the Fifth Amendment does not offer him the same protections as resident aliens who are subsequently ordered removed. *Id.*, citing *Zadvydas*, 533 U.S. at 687 (additional citations omitted). In 1980 and again in 1991, Petitioner was granted parole into the United States with certain conditions, including compliance with the laws of this country. "His breach of those conditions is sufficient to authorize his current detention." *Hoyte-Mesa*, 272 F.3d at 991 (citation omitted). The length of Petitioner's deportation depends on the outcome of his annual parole review. Our Court of Appeals has stated that access to this type of administrative review satisfies detained aliens' due process rights. *Id.* at 992.

For these reasons, Respondents' motion for summary judgment (Doc. 10-1) is granted, and Rodriguez's petition for a writ of habeas corpus is denied.

ENTER:

Dated: July 14, 2003

REBECCA R. PALLMEYER
United States District Judge

4